**TONG LIN, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

**No. 08–0240–ag.**

United States Court of Appeals, Second Circuit.

April 3, 2009.

---

\* Pursuant to Federal Rule of Appellate Proce-

dure 43(c)(2), Attorney General Eric H. Hold-

Tong Lin, New York, NY, pro se.

Gregory G. Katsas, Assistant Attorney General, Susan K. Houser, Senior Litigation Counsel, Regina Byrd, Attorney, United States Department of Justice, Civil Division, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Tong Lin, a native and citizen of the People's Republic of China, seeks review of a December 21, 2007 order of the BIA, affirming the January 12, 2006 decision of Immigration Judge ("IJ") Robert Weisel, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tong Lin,* No. A96 109 575 (B.I.A. Dec. 21, 2007), *aff'g* No. A96 109 575 (Immig. Ct. N.Y. City Jan. 12, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *See Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir. 2006). This Court reviews the agency's

er, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

factual findings under the substantial evidence standard. The Court reviews de novo questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008). *Pro se* submissions are construed liberally. *See Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474–75 (2d Cir.2006).

The Immigration and Nationality Act states that no court shall have jurisdiction to review any final order of removal entered against an alien who is removable by reason of having committed an offense covered by 8 U.S.C. § 1227(a)(2)(A)(i) (relating to conviction of a crime involving moral turpitude "committed within five years ... after the date of admission"). *See* 8 U.S.C. § 1252(a)(2)(C). Here, it is undisputed that Lin was convicted of a crime involving moral turpitude committed within five years after the date of admission to the United States. *See* 8 U.S.C. § 1227(a)(2)(A)(i). Thus, we are without jurisdiction to review Lin's petition for review except to the extent that he raises a constitutional claim or a question of law. *See* 8 U.S.C. § 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 326–27 (2d Cir.2006) ("Questions of law" encompass the same issues traditionally reviewed by courts in habeas petitions challenging Executive detentions). Therefore, to the extent Lin's petition challenges the agency's factual findings, we lack jurisdiction to review it, and therefore it is dismissed. *See id.* at 329; *Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 104 (2d Cir.2006).

Lin's raises a single question of law: that the agency applied an inappropriate burden of proof to his claims by failing to apply the burden of proof for asylum claims. *See Wallace v. Gonzales,* 463 F.3d 135, 138–39 (2d Cir.2006) (the

application of an improper standard of review raises a question of law). This argument is without merit. While Lin contends the agency should have applied the burden of proof for asylum claims, Lin's asylum claim was pretermitted and never addressed on its merits. Moreover, a review of the record shows that the agency properly applied the heightened "clear probability" standard to Lin's remaining withholding of removal claim. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Therefore, this part of Lin's petition is denied.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).